**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Woodrow Lee, | ) | Case No. 8:25-cv-10440-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Judge Hitt; Judge Mason; and | ) | |
| Edgefield County | ) | |
| Law Enforcement Division, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Woodrow Lee ("Lee"), proceeding *pro se* and *in forma pauperis*, brings this civil action challenging his eviction and subsequent arrest pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this case be summarily dismissed without leave to amend.

## BACKGROUND

This case stems from certain eviction proceedings that occurred in Edgefield County, South Carolina. Notwithstanding the rambling, incoherent nature of Lee's allegations, the Complaint seems to suggest that Chief Magistrate Judge Gary Hitt issued a Writ of Ejectment against Lee on or around February 20, 2025, after his landlord accused him of "violent behavior" and "failure to maintain property," among other things.[1] (Dkt. No. 1 at 2; Dkt. No. 1-1 at 6, 10.)

---

[1]     *See Lee v. Lee*, Edgefield County Public Index, https://www.sccourts.org/case-records-search/ (limiting search to Edgefield County, Case No. 2024CV1910100497) (last visited Mar. 9, 2026); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir.

Lee contends that the Writ of Ejectment was improper because Judge Hitt "made his ruling solely on deed and ownership, which he does not have the authority to do." (*See* Dkt. No. 1-1 at 4, suggesting that "[d]uring these proceedings none of these claims [against Lee] were proven.") Lee further argues that Judge Hitt's decision was "null and void" under S.C. Code § 27-40-130 for lack of proper service. (*Id.* at 5.) Because the Writ of Ejectment was, in Lee's opinion, "unlawful," he chose to ignore it. (*Id.* at 6.)

Consequently, on May 1, 2025, law enforcement arrived at Lee's residence to arrest him for trespassing and burglary, but he escaped after fleeing on foot. (*Id.*) Law enforcement then returned on May 22, 2025, and arrested Lee. (*Id.*) The arrest warrant, which was attached to Lee's Complaint, states:

> That on May 22, 2025, at 34 Indigo Dr., one Woodrow Lee did commit the Offense of Burglary 2nd (16-11-0312) in that after he was Evicted and placed on Trespass Notice, he entered the Residence Unlawfully and without consent. The Defendant was located inside of the Residence. The Defendant was Evicted and placed on Trespass on April 1, 2025. After being Evicted he changed the locks and moved some of his items back inside and remained at the Residence until (05/22/2025).

(*Id.* at 10.) State records indicate that Lee was found guilty of trespassing/entering premises after warning or refusing to leave on request by Magistrate Judge Gladys Mason after a bench trial on June 4. 2025.[2] Lee then pleaded guilty to the burglary charge, which was changed to trespassing/entry on another's pasture or other lands after notice, on July 15, 2025.[3] He was sentenced to time served.

Based on the above, Lee now brings this civil action against Judges Hitt and Mason and the Edgefield County Law Enforcement Division ("sheriff deputies") (Dkt. No. 1 at 2–3) seeking

---

Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites).

[2]      *See South Carolina v. Lee*, Edgefield County Public Index, https://www.sccourts.org/case-records-search/ (limiting search to Edgefield County, Case No. 2025A1910200140) (last visited Mar. 9, 2026).

[3]      *See South Carolina v. Lee*, Edgefield County Public Index, https://www.sccourts.org/case-records-search/ (limiting search to Edgefield County, Case No. 2025A1910200216) (last visited Mar. 9, 2026).

at least $500,000 in damages for kidnapping, defamation of character, falsifying information, bullying, unlawful arrest, intimidation, and unlawful eviction. (Dkt. No. 1-1 at 7.)

## STANDARD OF REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Accordingly, a claim based on a "meritless legal theory" or "baseless" factual contentions may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2) of the Federal Rules of Civil Procedure. In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under

3

any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson*, 551 U.S. at 94. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the Complaint contains an isolated string of citations to the United States Constitution (Dkt. No. 1), the only discernable federal cause of action here appears to be "unlawful arrest" (Dkt. No. 1-1 at 7), which falls under the Fourth Amendment. *See Hurlbert v. City of N. Charleston*, No. 9:09-cv-1084-

4

HMH-BM, 2010 WL 1492868, at *3 (D.S.C. Apr. 12, 2010, *aff'd*, 390 F. App'x 270 (4th Cir. 2010) ("An unlawful arrest claim asserts a violation of the Fourth Amendment right against unreasonable seizures of a person.") (internal citations omitted). For the reasons discussed below, the undersigned finds that Lee's allegations do not rise to the level of an actionable Fourth Amendment violation.

## I.    Edgefield County Law Enforcement Division

As a threshold matter, the undersigned notes that a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Courts have routinely found that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" for purposes of § 1983. *Arthur v. South Carolina*, No. 3:24-cv-4959-MGL-WSB, 2024 WL 4884592, at *4 (D.S.C. Nov. 4, 2024), *adopted*, 2024 WL 4881998 (D.S.C. Nov. 25, 2024). Similarly, "entire departments" or "groups of people" are not amenable to suit under § 1983. *See Dean v. S.C. Dep't of Mental Health*, No. 6:16-cv-3422-TMC-KFM, 2017 WL 2332741, at *1 (D.S.C. May 30, 2017); *see also Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim under § 1983). Accordingly, the "Edgefield County Law Enforcement Division" is not considered a "person" under § 1983, regardless of whether Lee refers to the "physical building" or the "staff and collection of officials" it houses, and any such claims are therefore subject to summary dismissal. *See Capers v. Hernandez*, No. 9:23-cv-6821-BHH-MGB, 2024 WL 1363816,

5

at *4 (D.S.C. Feb. 9, 2024), *adopted*, 2024 WL 1349260 (D.S.C. Mar. 29, 2024); *see also Miller v. Rock Hill Police Dep't*, No. 2:09-cv-737-JFA-RSC, 2009 WL 1160181, at *3 (D.S.C. Apr. 29, 2009), *aff'd*, 333 F. App'x 703 (4th Cir. 2009) (explaining that whether a plaintiff uses the term "police department" in an attempt "to name the building where police officers work or to name the police department staff as a whole," in either instance, "such an entity is not a 'person' amenable to suit under [§ 1983]").

Nevertheless, even if the Complaint had named specific deputies, Lee's allegations still fall short of a Fourth Amendment violation. To prevail on an unlawful arrest claim, a plaintiff must demonstrate that the arrest was not supported by probable cause. *Robinson v. Best*, No. 4:21-cv-44-D, 2023 WL 5616172, at *4 (E.D.N.C. Aug. 30, 2023). Here, Lee does not contest that he remained on the premises following Judge Hitt's Writ of Ejectment. Rather, his Fourth Amendment claim is premised on the flawed contention that the Writ of Ejectment was unlawful and, in turn, his arrest—which was executed pursuant to the same—was also improper. (*See* Dkt. No. 1-1 at 6, stating that Lee "was never supposed to be charged with anything [because] his writ was unlawful.") However, the arresting officers acted pursuant to a facially valid writ of ejectment issued by the Edgefield County Magistrate's Court. While Lee may appeal Judge Hitt's judgement through the proper state court channels, there is no indication that the writ of ejectment itself was facially deficient or that the executing officers would have had any reason to question its legality. To rule otherwise would require this Court to adopt the frivolous suggestion that law enforcement officers have the authority and responsibility to second-guess the constitutionality of facially valid court orders and the professional discretion of the judges who issue them. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (explaining that claims are "[l]egally frivolous" if they are "based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest

which clearly does not exist'") (citing *Neitzke*, 490 U.S. at 327)). Thus, Lee has failed to demonstrate how any officers violated his constitutional rights in executing his arrest pursuant to the terms of the Writ of Ejectment.[4]

## II.    Judges Hitt and Mason

With respect to Judges Hitt and Mason, it is well settled that a judge is entitled to absolute judicial immunity for actions taken in his judicial capacity. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Maxwell v. Griffin*, No. 3:23-cv-4196-CMC-PJG, 2023 WL 7091981, at *2 (D.S.C. Oct. 3, 2023), *adopted*, 2023 WL 7077762 (D.S.C. Oct. 26, 2023) (noting that judicial immunity encompasses county magistrate judges). Absolute judicial immunity is a protection from suit, not just from damages. *See Mireless*, 502 U.S. at 11 (providing that judges are entitled to absolute immunity from suit, not just the "ultimate assessment of damages"); *see also Lepelletier v. Tran*, 633 F. App'x. 126, 127 (4th Cir. 2016) (noting that "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . [are] barred by the plain language of 42 U.S.C. § 1983"). Notably, judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

---

[4]    It is also worth noting that Lee seems to allege that there were certain inconsistencies with respect to the dates of his charges. For example, Lee claims he was informed that the Writ of Ejectment would go into effect on April 21, 2025, but the trespass charge was dated April 1, 2025. (Dkt. No. 1-1 at 6.) Lee also notes that he was charged with burglary on May 22, 2025, but the arrest warrant was not signed by a judge until May 23, 2025. (*Id.* at 7.) These purported "inconsistencies" are not material, as the Writ of Ejectment was plainly in effect as of May 1, 2025—the date of the first attempted arrest. By his own admissions, Lee was plainly on the premises on that date in violation of the Writ of Ejectment. (*Id.* at 6.)

Because the allegations against Judges Hitt and Mason are based on actions taken in connection with and in furtherance of their judicial duties while presiding over Lee's ejectment and subsequent criminal proceedings, such claims are barred under the doctrine of absolute judicial immunity—regardless of whether those actions were flawed as Lee claims. *See, e.g.*, *Arroyo v. Southwood Realty Co.*, No. 1:21-cv-219, 2021 WL 3733120, at *2 (M.D.N.C. July 12, 2021), *adopted*, 2021 WL 3733027 (M.D.N.C. July 30, 2021), *aff'd*, No. 22-1160, 2022 WL 2304012 (4th Cir. June 27, 2022) (finding that judges were entitled to judicial immunity for actions taken during course of state eviction proceedings, including ruling against plaintiffs and refusing to "acknowledge certain evidence"); *Parker v. Spencer*, No. 4:13-cv-430-RBH, 2015 WL 3870277, at *10 (D.S.C. June 23, 2015) ("Regardless of whether they applied the law correctly or whether Plaintiffs agree with the outcome of the state proceedings, [defendants] were acting as judges . . . and, even though Plaintiffs believe that their rights were violated when their property was foreclosed on, neither [judge] can be held liable . . . under § 1983 for damages because they are immune from suit."). Lee's claims against Judges Hitt and Mason are therefore subject to summary dismissal.

### III.    Remaining State Law Claims

With respect to Lee's remaining state law claims—or what appear to be state law claims—it is well-established that if a federal district court has original jurisdiction over a civil action, it may also exercise supplemental jurisdiction over any state law claims that are "so related" to the claims under the court's original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Without original jurisdiction, however, a federal court generally cannot exercise supplemental jurisdiction over state law claims. *See id.* § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over state law claims if it has

dismissed all claims over which it has original jurisdiction). Because Lee has failed to state an actionable federal claim in this case, this Court may not exercise supplemental jurisdiction over any potential remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed . . . , the state claims should be dismissed as well"); *see also Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

### CONCLUSION

Based on the above, the undersigned is of the opinion that Lee cannot cure the deficiencies in the Complaint and therefore **RECOMMENDS** that this action be **DISMISSED** without prejudice and without further leave to amend. In light of this recommendation, the Clerk shall not forward this matter to the United States Marshals Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 13, 2026
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

9

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).