**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Woodrow Lee, | Case No. 8:25-10440-RMG |
| Plaintiff, | |
| v. | |
| Judge Hitt, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 12) recommending that this action be dismissed without prejudice and without leave to amend.  For the reasons stated below, the Court adopts the R&R as the order of the court and dismisses this action without prejudice and without leave to amend.

## I.    Background

Plaintiff, proceeding pro se and in forma pauperis, brings this action under 28 U.S.C. § 1983. "This case stems from certain eviction proceedings that occurred in Edgefield County, South Carolina. Notwithstanding the rambling, incoherent nature of Lee's allegations, the Complaint seems to suggest that Chief Magistrate Judge Gary Hitt issued a Writ of Ejectment against Lee on or around February 20, 2025, after his landlord accused him of 'violent behavior' and 'failure to maintain property,' among other things." (Dkt. No. 12 at 1-2) (alleging Plaintiff ignored writ of ejectment because he believed it was void, returned to property, and was arrested). Plaintiff sued two judges including Hitt and the Edgefield County Law Enforcement Division for "kidnapping, defamation of character, falsifying information, bullying, unlawful arrest, intimidation, and unlawful eviction." (*Id.*).

1

On March 13, 2026, the Magistrate Judge filed an R&R recommending that this action be dismissed without prejudice and without leave to amend.  (Dkt. No. 12).

Plaintiff was previously advised that he must keep the Clerk of Court advised in writing if his address changes. (Dkt. No. 4). The Court mailed Plaintiff a copy of the R&R at his most recent address, but it was returned undeliverable. (Dkt. Nos. 11, 13, 14). Plaintiff did not file a response to the R&R.

## II.     Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**III.    Discussion**

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this action should be dismissed without leave to amend and without prejudice. (Dkt. No. 12 at 5-10) (noting Edgefield County Law Enforcement Division is not a "person" under § 1983 and that absolute judicial immunity bars lawsuit against Judges Hitt and Mason); (*Id*. at 9-10) (noting absence of supplemental jurisdiction over any potential state law claims).

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 12) as the Order of the Court and **DISMISSES** this action without prejudice and without leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 1, 2026
Charleston, South Carolina

3